FILED'09 SEP 28 12:35 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DARREN W. CAMPBELL,

    Petitioner,

v.

BRIAN BELLEQUE,

    Respondent.

Civil No. 05-832-BR

OPINION AND ORDER

MICHELLE A. RYAN
828 SW Third Avenue
Suite 168
Portland, OR  97204

    Attorney for Petitioner

JOHN R. KROGER
Attorney General
SUMMER R. GLEASON
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus.

## BACKGROUND

On June 15, 2001, a Coos County grand jury indicted Petitioner on charges of Murder and Hindering Prosecution. On July 26, 2001, the grand jury entered an Amended Indictment charging Petitioner with Murder and Aggravated Murder.

On May 3, 2002, Petitioner entered a guilty plea to one count of Murder in return for dismissal of the Aggravated Murder charge. The trial judge sentenced Petitioner to a mandatory sentence of life in prison with a 25-year minimum sentence.

Petitioner did not directly appeal his conviction or sentence. He did, however, seek state post-conviction relief ("PCR"). In an Amended Petition for Post-Conviction relief he alleged several claims of ineffective assistance of counsel and one claim of trial court error (for failure to allow a motion to substitute counsel prior to the plea agreement). Following an evidentiary hearing, the state PCR trial judge denied relief. The judge found the trial error was not properly before the PCR court pursuant to Oregon procedural law, and that Petitioner failed to establish a violation of constitutional rights on the ineffective assistance of counsel claims.

2 - OPINION AND ORDER -

Petitioner appealed, asserting as error only the trial court's failure to allow the motion to substitute counsel. The Oregon Court of Appeals affirmed without opinion, and the Oregon Court of Appeals denied review. *Campbell v. Belleque*, 197 Or. App. 685, 108 P.3d 689, *rev. denied*, 338 Or. 488, 113 P.3d 434 (2005).

On June 7, 2005, Petitioner filed his *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. This Court appointed counsel, who filed an Amended Petition for Writ of Habeas Corpus on July 30, 2007. The Amended Petition alleges two grounds for relief:

> **Ground One:** By forcing Petitioner to proceed with an attorney who had an irreconcilable conflict of interest, the state effectively denied petitioner his Sixth Amendment right to counsel.
>
> **Ground Two:** Petitioner was denied his Sixth Amendment right to effective assistance of counsel with regard to his guilty plea based on his trial attorney's actual conflict of interest and numerous prejudicial acts and omissions. In particular, these acts and omissions center on trial counsel's failure to conduct reasonably adequate investigation before advising Petitioner to plead guilty, and include:
>
> a. Failure to consult with a toxicologist regarding the cumulative effect of marijuana and alcohol on Petitioner's state of mind at the time of the alleged crime, including the possibility of an alcoholic blackout;
>
> b. Failure to investigate the background of the state's sole witness to the aggravating factors, Debra Kay Scott, Petitioner's then girlfriend;

3 - OPINION AND ORDER -

    c.    Failure to properly advise Petitioner concerning the consequences of his guilty plea, in particular, advising him that there was a possibility of an actual sentence of less than 25 years and failing to advise him of the maximum post-prison supervision term.

Respondent argues Petitioner procedurally defaulted all of the claims alleged in his Amended Petition. Petitioner concedes the claims are procedurally defaulted, but argues this Court should find cause and prejudice to excuse the procedural default.

## DISCUSSION

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); *Cook v. Schriro*, 538 F.3d 1000, 1025 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 1033 (2009). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under the applicable state procedural rules, the federal claims are procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1. Similarly, if a federal constitutional claim is expressly rejected by a state court on the basis of a state procedural rule that is

4 - OPINION AND ORDER -

independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. *Id.* at 729-30; *Cook*, 538 F.3d at 1025. A state court's application of a procedural rule to deny a claim is not undermined as an independent and adequate ground if the state court, at the same time, rejects the claim on the merits. *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

Petitioners are barred from raising procedurally defaulted claims in federal court unless they demonstrate: (1) "cause" for failing to properly present the claim to the state court and "actual prejudice" resulting from such failure; or (2) "a fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 732. In order to establish cause for a procedural default, "a petitioner must demonstrate that the default is due to an external objective factor that cannot fairly be attributed to him." *Smith v. Baldwin*, 510 F.3d 1127, 1146 (9th Cir. 2007) (internal citations omitted), *cert. denied*, 129 S. Ct. 37 (2008).

There is no constitutional right to an attorney in state post-conviction proceedings. *Coleman*, 501 U.S. at 752. As such, "attorney ineffectiveness 'in the post-conviction process is not considered cause for the purposes of excusing the procedural default at that stage.'" *Smith*, 510 F.3d at 1147-48 (quoting

5 - OPINION AND ORDER -

*Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000)). Instead, "counsel acts as the petitioner's agent and thus any attorney error in post-conviction proceedings is generally attributable to the petitioner himself." *Smith*, 510 F.3d at 1148 (citing *Coleman*, 501 U.S. at 752-53).

Petitioner argues this rule does not apply, because his PCR appellate attorney's misconduct went beyond simple neglect or ineffective assistance, and created an actual impediment to Petitioner's ability to present his federal constitutional claims on appeal. Petitioner further argues that his appellate attorney's actions were so antithetical to Petitioner's interests, that they cannot be attributed to Petitioner under the agency theory.

Consistent with other judges in this District, this Court has previously rejected the agency argument advanced by Petitioner. *See Hill v. Czerniak*, 2008 WL 2704493 *6 (D. Or. 2008) (citing *Powell v. Czerniak*, 2007 WL 539436 (D. Or. 2007); *Goddard v. Hill*, 2006 WL 3227886 (D. Or. 2006); *Butcher v. Czerniak*, 2006 WL 176753 (D. Or. 2006); *Worley v. Thompson*, 2005 WL 3019498 (D. Or. 2005); *Thomas v. Cook*, 2004 WL 1723948 (D. Or. 2004); *see also Fairman v. Anderson*, 188 F.3d 635, 643, reh'g & reh'g en banc denied, 200 F.3d 813 (5th Cir. 1999)). The reasoning in those cases remains persuasive.

6 - OPINION AND ORDER -

Petitioner's allegation of ineffective assistance of appellate counsel in his PCR proceeding does not constitute cause sufficient to excuse the procedural default of the claims alleged in his Amended Petition for Writ of Habeas Corpus. As such, Petitioner is not entitled to proceed with his constitutional claims in this habeas corpus action.[1]

## CONCLUSION

For these reasons, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus and **DISMISSES** this action.

IT IS SO ORDERED.

DATED this 28th day of September, 2009.

_____
ANNA J. BROWN
United States District Judge

---

[1] The Court need not address whether Petitioner has shown prejudice with respect to these claims. *Smith*, 510 F.3d at 1147.

7 - OPINION AND ORDER -    F:\Share\Brown-LawClerks\05-832campbell0926opinion.wpd